IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TODD TAYLOR**, | Case No. 3:25-cv-1539-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **NATIONAL EXPRESS LLC; DURHAM HOLDING II, LLC; DURHAM SCHOOL SERVICES, LP; HIRERIGHT, LLC;** and **NW ONSITE DRUG TESTING, LLC**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Todd Taylor is a professional school bus driver. In Oregon state court, he sued his employers, National Express LLC; Durham Holding II, LLC; and Durham School Services, LP (collectively, "Durham Defendants") and two drug screening companies, HireRight, LLC ("HireRight") and NW Onsite Drug Testing, LLC ("NW Onsite") for disability discrimination and negligence after undergoing a random drug and alcohol screening test. Durham Defendants timely removed the lawsuit to federal court based on diversity jurisdiction. Plaintiff, an Oregon resident, moved to remand the action to state court, arguing that diversity jurisdiction is improper because NW Onsite is an Oregon company. ECF 9. HireRight also moved to dismiss under

Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF 17. On December 8, 2025, U.S.

Magistrate Judge Jolie A. Russo issued Findings and Recommendations, recommending that the

Court deny Plaintiff's motion to remand and grant HireRight's motion to dismiss. ECF 22.

Plaintiff timely objected. ECF 24. For the reasons explained below, the Court adopts Judge

Russo's Recommendation as supplemented.

## STANDARDS

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither

party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to

require a district judge to review a magistrate's report to which no objections are filed."); *United

States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court

must review *de novo* magistrate judge's findings and recommendations if objection is made, "but

not otherwise"). Although in the absence of objections no review is required, the Act "does not

preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other

standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the

Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the

Court review the magistrate judge's recommendations for "clear error on the face of the record."

**DISCUSSION**

Plaintiff is a professional school bus driver employed by Durham Defendants. ECF 1-1 ¶ 7. On November 17, 2023, Durham Defendants subjected Plaintiff to a random drug and alcohol screening, administered by NW Onsite. *Id*. ¶ 10. During this screening, Plaintiff was asked to provide a urine sample. *Id*. Plaintiff has a medical history of "shy bladder" and was unable to produce a urine sample after multiple attempts, consuming fluid, and waiting before attempting again. *Id*. ¶ 11. Durham Defendant's designated employer representative ("DER") then placed Plaintiff on unpaid leave and sent him home. *Id*. ¶¶ 12-13. On November 28, 2023, the DER instructed Plaintiff to pick up a Shy Bladder Evaluation Form and take that form to his doctor. *Id*. ¶ 14. Plaintiff contacted a physician assistant, who provided documentation that Plaintiff was likely suffering from shy bladder syndrome. *Id*. ¶ 15. The DER then submitted this documentation to HireRight, a business that provides Medical Review Officer ("MRO") services for Durham Defendants, including review of drug and alcohol testing results. *Id*. ¶¶ 16-17. HireRight rejected the conclusions presented by Plaintiff's physician assistant because he was not a medical doctor and his evidence was subjective. *Id*. ¶ 19. Neither HireRight nor Durham Defendants took additional action to resolve the question of whether Plaintiff had shy bladder syndrome. *Id*. In recommending termination of Plaintiff's employment, the DER relied on HireRight's determination that there was no qualified medical reason for Plaintiff's inability to produce urine. *Id*. ¶ 21. On May 6, 2024, HireRight provided Plaintiff with a copy of his test results along with documentation from Durham Defendants relating to the test results. *Id*. ¶ 23.

**A. Motion to Remand**

Durham Defendants timely removed this action to federal court based on diversity jurisdiction. Plaintiff, a resident of Oregon, seeks $500,000 in damages. ECF 1-1 at 27. The Durham Defendants are each organized under the laws of Delaware and have their principal

place of business in Illinois. ECF 1 at 2-3. HireRight is organized under the laws of Delaware with its principal place of business in Tennessee. *Id.* at 3. NW Onsite is an Oregon company. Typically, its presence would defeat complete diversity. *See* 28 U.S.C. § 1332(a)(1); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." (emphasis in original)). Durham Defendants argue, however, that NW Onsite has been fraudulently joined in this action and that federal jurisdiction therefore is appropriate. ECF 1 at 3. Plaintiff timely moved to remand, asserting that NW Onsite is liable to Plaintiff on a negligence theory and thus joinder was not fraudulent. ECF 9 at 2.

Judge Russo recommended that the Court deny Plaintiff's motion to remand. Plaintiff objects on two grounds. First, he argues that none of the Defendants should be dismissed because they all failed in their duties owed to Plaintiff. ECF 24 at 2. Second, he argues that Judge Russo applied the incorrect standard for determining whether fraudulent joinder was established as to NW Onsite by "weigh[ing] the evidence, constru[ing] a CFR as defining the full scope of NW Onsite's duty and foreclos[ing] the possibility that discovery may show a failure in NW Onsite's duty of care." *Id*. Durham Defendants, HireRight, and NW Onsite responded, stating that Judge Russo's analysis was "consistent with the principle that the fraudulent joinder inquiry is not a mere facial review of the complaint, but a substantive assessment of whether a plaintiff can plausibly state a claim against the non-diverse defendant." ECF 30 at 2. The Court has reviewed *de novo* the motion to remand and adopts Judge Russo's recommendation, as supplemented below.

It is well-settled in the Ninth Circuit that fraudulent joinder is established either by "actual fraud in the pleading of jurisdictional facts" or by the "inability of the plaintiff to

establish a cause of action against the non-diverse party in a state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)); *see also GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018); *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Hunter*, 582 F.3d at 1046.

NW Onsite has been fraudulently joined because there is no possibility that an Oregon court would find that Plaintiff states a cause of action against it. *See id.* Plaintiff cannot establish a cause of action against NW Onsite for employment discrimination because there can be no allegation that NW Onsite employed Plaintiff. *See* ORS § 654A.112(1) ("It is an unlawful employment practice for any *employer* to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment on the basis of disability." (emphasis added)). *See also* ECF 1-1 at ¶ 7 ("At all times material within, Durham employed Plaintiff as a professional school bus driver.").

Plaintiff also cannot establish a cause of action against NW Onsite for negligence. To state a claim for negligence under Oregon law, a plaintiff must show that the defendant (1) owed plaintiff a duty, (2) the duty was breached, and (3) the breach caused the plaintiff harm. *Fazzolari v. Portland Sch. Dist.*, 303 Or. 1, 14-17 (1987). Plaintiff cannot establish that a duty was breached by NW Onsite under the circumstances present here. Plaintiff's Complaint alleges that NW Onsite was negligent in failing to provide a Shy Bladder Evaluation Form and by failing to provide an alternative testing method when Plaintiff was unable to produce a sufficient urine sample. ECF ¶ 47. Fatal to Plaintiff's motion to remand, however, is that neither of these alleged

breaches are of a duty owed to Plaintiff by NW Onsite. The applicable U.S. Department of Transportation regulations place the duty to provide a shy bladder form on the designated employer representative (i.e, the DER), not on the sample collector. *See* 49 C.F.R. § 40.193(c) ("As the DER, if the collector informs you that the employee has not provided a sufficient amount of specimen. . . . , you must, after consulting with the MRO [medical review officer], direct the employee to obtain, within five days, an evaluation from a licensed physician, acceptable to the MRO, who has expertise in the medical issues raised by the employee's failure to provide [urine].").

Plaintiff argues that there is a "potentially successful defense" requiring a "searching inquiry into the merits of the plaintiff's case" that NW Onsite failed to provide him another opportunity to provide a urine sample. The regulations, however, specify that the sample collector is obligated only to give the employee another opportunity to provide a specimen after an initial failure to do so and *based on the employer's instructions*, this can be done using the same specimen type as the original collection or, if the collector is qualified, an alternate specimen. 49 C.F.R. § 40.193(a). Here, the employer provided no such instructions to the collector.

When assessing whether joinder is fraudulent, courts are permitted to consider facts presented by a defendant, so long as those facts go to the sufficiency of the purported claims rather than a defense exogenous to the cause of action itself. *See McCabe v. Gen. Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998). Here, Defendants demonstrated that the DER instructed NW Onsite to collect a urine sample and neither instructed nor authorized collection of an alternate specimen.

*See* Declaration of Michaelle Aberle-Hoyt (ECF 2-1). Therefore, any duty to provide an alternative testing method lies with Plaintiff's employer rather than NW Onsite.

Because Plaintiff cannot possibly state a negligence claim against NW Onsite for breaches of duties statutorily prescribed to a different entity, Plaintiff cannot establish a cause of action under the circumstances alleged in the Complaint. Further, this deficiency cannot be cured by granting Plaintiff leave to amend. *See Grancare*, 889 F.3d at 550 (stating that "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend" in determining whether joinder is fraudulent.). Although Plaintiff attempts to allege additional specifications of negligence in his motion to remand and his reply in support of that motion, courts only to a plaintiff's pleadings and facts presented by the defendant showing joinder to be fraudulent in deciding a motion to remand. *Ritchey*, 139 F.3d at 1318; *see also* Fed. R. Civ. P. 7 ("Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a crossclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."). The Court therefore adopts Judge Russo's recommendation and denies Plaintiff's motion to remand.[1]

## B. Defendant HireRight's Motion to Dismiss

HireRight also has moved to dismiss Plaintiff's claims against it under Rule 12(b)(6). Judge Russo recommended that the Court grant that motion. Plaintiff objects that "[e]ach Defendant, individually and collectively, failed in their duty to Plaintiff, and, accordingly, none

---

[1] Plaintiff objects that it was improper for Judge Russo to "dismiss" the claims against NW Onsite without granting Plaintiff leave to amend. The Court's ruling on fraudulent joinder, however, does not foreclose Plaintiff from seeking leave to amend his Complaint, including to replead claims against NW Onsite. Fed. R. Civ. P. 15. If successful, Plaintiff may then file a second motion to remand based on the Amended Complaint.

of the Defendants should be dismissed." ECF 24 at 2. A Rule 12(b)(6) motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Plaintiff has failed plausibly to state a claim against HireRight for disability discrimination and negligence. Pursuant to ORS § 654A.112, the statute under which Plaintiff brings his disability discrimination claim, it is unlawful for any *employer* to refuse to discriminate based on disability. Plaintiff's Complaint fails on its face to establish this element of his claim—that HireRight employed Plaintiff. *See* ECF 1-1 at ¶ 7 ("At all times material within, *Durham* employed Plaintiff as a professional school bus driver." (emphasis added)). This is further evidenced by Plaintiff's lack of argument to the contrary in his response to HireRight's motion to dismiss. *See Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th

Cir. 2006) ("A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim….").

Plaintiff also alleges that HireRight was negligent in failing timely to provide the shy bladder form, failing to confer with plaintiff on the testing results, failing to interview plaintiff before making verification decisions, failing to direct plaintiff to another physician, and failing to timely notify plaintiff of HireRight's duties and responsibilities in reporting positive test results. ECF 1-1 ¶ 43. Because none of these alleged breaches are of duties owed to Plaintiff by HireRight under the circumstances alleged in the Complaint, Plaintiff has failed plausibly to state a claim of negligence against HireRight. *See* 49 C.F.R. 40.193(c) (delegating the responsibility to provide the "Shy Bladder Form" and direct the employee to a physician to the DER); *see also* 49 C.F.R. 40.129 (establishing the responsibility of the MRO to interview the employee before verifying the test results and the MRO's responsibilities in reporting positive test results *when reviewing laboratory confirmed non-negative test results* (emphasis added)).

## CONCLUSION

The Court ADOPTS Judge Russo's Findings and Recommendation, ECF 22. The Court DENIES Plaintiff's motion to remand, ECF 9. The Court GRANTS without prejudice Defendant HireRight's 12(b)(6) motion to dismiss for failure to state a claim.

**IT IS SO ORDERED.**

DATED this 23rd day of February, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge