IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TODD TAYLOR**, | Case No. 3:25-cv-1539-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **NATIONAL EXPRESS LLC; DURHAM HOLDING II, LLC; DURHAM SCHOOL SERVICES, LP; HIRERIGHT, LLC;** and **NW ONSITE DRUG TESTING,** | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie Russo issued Findings and Recommendation in this case on July 27, 2026. Judge Russo recommended that this Court deny Plaintiff's pending Motion to Amend, ECF 34, on grounds of futility.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. *See* ECF 42. Plaintiff argues that their Proposed Amended Complaint ("PAC") meets the liberal standards for amending a complaint under Rule 15 in part because his claims "are not preempted by statute" and therefore are "not facially futile." ECF 42 at 4. Moreover, he argues that Judge Russo erred in finding that Defendants owed him no duty of care when she relied on regulation to reach that conclusion because the alleged duties "sound in common law negligence." *Id*. at 5. Finally, Plaintiff argues that Defendants failed to meet duties created by federal regulation, including a duty for Defendant HireRight to confer with the designated employer representative to identify an acceptable licensed physician to evaluate claims of shy bladder syndrome, a duty for Defendant NW Onsite to provide certain information to Plaintiff, and a duty for both HireRight and NW Onsite to follow certain procedures in reporting drug test results. *Id*. at 3-9.

PAGE 2 – ORDER

The Court has reviewed *de novo* those portions of Judge Russo's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections. The Court agrees with Judge Russo's reasoning regarding the duties owed by Defendants to Plaintiff, and the futility of Plaintiff's amendment, and adopts those portions of the Findings and Recommendation. Although Plaintiff discusses a special relationship between the parties in his Replies to Defendants' Response to his Motion to Amend, *see* ECF 38 at 4; ECF 39 at 4, he does allege such a special relationship in his PAC.

> [U]nless the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty, the issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff.

*Fazzolari ex rel. Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 17 (1987). Plaintiff also does not include in his PAC any allegations as to what *protected* interest of his was placed at risk as a result of Defendant's conduct. Absent such allegations, Plaintiff would need to allege that statute, regulation, or caselaw created a duty owed to him by Defendants to sustain a negligence claim. Judge Russo's analysis on that issue is correct.

For those portions of Judge Russo's Findings and Recommendation to which neither party has objected, the Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

PAGE 3 – ORDER

The Court ADOPTS Judge Russo's Findings and Recommendation, ECF ECF 40. The

Court DENIES Plaintiff's Motion for Leave to File an Amended Complaint, ECF 34.

**IT IS SO ORDERED.**

DATED this 13th day of August, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge